**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| LEETAVIOUS GAINES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 11-3113-CV-S-RED-H |
| JUAN D. CASTILLO, Warden, ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, has petitioned this Court for a writ of habeas corpus in which he complains about actions of the Bureau of Prisons. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's allegations are without merit, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that the Bureau of Prisons ["BOP"] has raised his Inmate Financial Responsibility Program ["IFRP"] payments, and that it is impermissible for the BOP to utilize the IFRP to raise his court-ordered restitution payment amount

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw. Thereafter, petitioner was granted an opportunity to file a *pro se* traverse.

Title 18 U.S.C. § 3572(d) provides in pertinent part: A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately ... unless the

court establishes another schedule. The BOP has established a payment plan for an inmate to make restitution on a fine and assessment imposed at the time of sentencing, under the IFRP. Pursuant to Program Statement 5380.08, <u>Financial Responsibility Program, Inmate,</u> BOP staff may develop payment plans for inmates to address their financial obligations, including court-ordered restitution. Although participation in the IFRP is voluntary, consequences of not participating include, but are not limited to, no outside work details, lowest housing status, and no pay increases.

A review of the record in this case indicates that the sentencing court sentenced petitioner to a 1330-month sentence, and ordered that he pay a felony assessment of $1400.00 and restitution in the amount of $16,416.46. After being designated to the Medical Center, petitioner chose to enroll in the IFRP. [Respondent's Exhibit 1]. The BOP initially calculated his fine at the rate of $40.00 per month. Based on varying deposits in his trust fund account, the payment was later adjusted on occasion, ranging from quarterly payments of $25.00 to monthly payments of $55.00. According to the record, the last adjustment was to $40.00 per month in September of 2010.

Petitioner objects to the payment schedule and contends that it is impermissible for the BOP to utilize the IFRP to raise his court-ordered restitution payment amount. He sought administrative relief in July of 2010 in an attempt to reduce his IFRP payment to a quarterly payment of $25.00. Respondent indicates that he has exhausted his BOP administrative remedies on this issue.

According to respondent, the payment schedule is reevaluated every six months based upon trust fund account deposits in order to allow payment adjustments as necessary. Respondent submits that while the IFRP is a voluntary program, certain privileges may be lost if an inmate refuses to participate. Petitioner has voluntarily made his IFRP payments, according to respondent, except for one brief placement on the refuse-status for failing to fulfill his financial obligation for June and August 2007.

It is clear that the BOP is following its own policy of encouraging inmates to pay fines and/or to be responsible for other financial obligations, in an attempt to accomplish rehabilitation goals. The Eighth Circuit has held that it is within the BOP's discretion to administer the IFRP to collect court-ordered fines. Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); United States v. Turner, 975 F.2d 490, 498 (8th Cir. 1992).

Respondent contents that, based on petitioner's community resources, deposits in his inmate account, applicable law and BOP policy, the unit team most recently determined that the $40.00 was an appropriate monthly payment. Program Statement 5380.08.

Having fully reviewed the record, the Court finds that because the BOP has the discretion to require petitioner to pay on an installment basis, to the extent that he can make the payments, and because the record indicates petitioner can reasonably make the $40.00 monthly payment, based on his community resources and deposits in his inmate account, petitioner's claim is without merit. Further, because participation in the program is voluntary to the extent that the penalties incurred for not participating do not rise to constitutional proportions, it cannot be said that petitioner has stated a constitutional violation on this issue.

Because petitioner has failed to state a constitutional violation, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 10/17/11